## WHEN LIEN ATTACHES ON A CREDITOR'S BILL.

Circuit Court of Cuyahoga County.

THE CITIZENS SAVINGS & TRUST COMPANY ET AL V. MARY O. PALMER ET AL.

Decided, December 23, 1912.

*Judgment Liens—Lien of Creditor's Bill Dates from Service of Summons.*

A lien upon equitable interests, resulting from an action in the nature of a creditor's bill brought under favor of Section 11760, General Code, dates from the date of service of summons upon the trustees, and is prior to liens of creditors who have secured judgments and instituted proceedings in aid of execution while the first mentioned action was pending.

*H. D. Messick,* for plaintiffs in error.
*Ingersoll & Vandemark* and *D. M. Bader,* contra.

MEALS, J.; WINCH, J., and MARVIN J., concur.

On February 3, 1911, Mary O. Palmer commenced an action in the nature of a creditor's bill, in the Court of Common Pleas of Cuyahoga County, against D. T. Palmer and the Citizens Savings & Trust Company, upon a judgment previously recovered in the court of common pleas of said county against said D. T. Palmer, in which she sought to enjoin the Citizens Savings & Trust Company, trustee, from disposing of any funds in its hands which were then due or which would become due and payable to the said D. T. Palmer and to subject the same to the payment of her judgment.

The Citizens Savings & Trust Company, trustee, was duly served with summons in said case on February 3, 1911, and in the April term of said court, in 1912, to-wit, on June 7th, 1912, a decree was entered in said suit which enjoined said trust company, trustee, from paying any funds in its hands as aforesaid to the said D. T. Palmer, and in which it was ordered to pay any funds which were then due or thereafter became due to the said D. T. Palmer, to the clerk of the court of common pleas, in

satisfaction of the judgment and costs in favor of Mary O. Palmer.

On June 4, 1912, the defendant D. M. Bader recovered a judgment, by confession, in the municipal court of the city of Cleveland, against the said D. T. Palmer, in the sum of $1,000, and on June 5, 1912, an order in aid of execution was issued out of the court of common pleas of this county and served upon the said Citizens Savings & Trust Company, trustee; and on the same day, to-wit, June 5, 1912, the defendant, S. H. Herbeson, trustee, who had theretofore also secured a judgment against the said D. T. Palmer, procured an order in aid of execution from the court of common pleas of this county, which order was also served upon the said trust company, trustee, on the 7th day of June, 1912.

Whereupon, to-wit, on the 12th day of August, 1912, the Citizens Savings & Trust Company filed in the court of common pleas of this county, a petition in interpleader praying that all of said defendants be required to interplead together, asserting their claims in said funds, and be enjoined from taking any proceedings against it in regard thereto, and that it be allowed to pay over said funds to the clerk of the court of common pleas, or to such other person as may be designated by the court of common pleas to receive the same, and that it thereupon be discharged from all further liability in relation to said funds, amounting to $1,187.50.

In this state of the case the defendant, Mary O. Palmer, claims to have the first and best lien upon said fund. The defendants, D. M. Bader and S. H. Herbeson, trustee, also claim liens upon said fund and assert that their liens have priority over the lien of Mary O. Palmer.

The sole question, therefore, to be determined in this aspect of the case, is the date or dates on which these respective liens attached.

Mary O. Palmer claims that her lien dates from the 3d day of February, 1911, when service was had on the Citizens Savings & Trust Company, trustee, in her suit commenced on that day in the court of common pleas, heretofore referred to. On the other hand, Bader and Herbeson claim that inasmuch as the or-

der in aid of execution, issued at their instance on June 5, 1912, and June 7, 1912, respectively, were served upon the Citizens Savings & Trust Company, trustee, before the entry of a decree in the court of common pleas in favor of Mary O. Palmer in her suit, that their liens first attached and have priority over the lien acquired by her.

Section 11760 of the General Code provides:

"When a judgment debtor has not personal or real property subject to levy on execution, sufficient to satisfy the judgment, any equitable interest which he has in real estate as mortgagor, mortgagee or otherwise, or any interest he has in a banking, turnpike, bridge or other joint stock company, or in any money, contract, claim or chose in action, due or to become due to him, or in a judgment or order, or money, goods or effects which he has in the possession of any person or body politic or corporate, shall be subject to the payment of the judgment by action."

In pursuing this fund Mary O. Palmer proceeded under this section. Her suit was in the nature of a creditor's bill and doubtless was properly brought. It is also clear that by this proceeding she acquired a lien upon the fund. When did this lien attach?

In *Meyers et al* v. *Zanesville & Marysville Turnpike Co.*, 13 Ohio, 197, it is said "that a creditor, on filing his bill to reach equitable assets, acquires a preferable equity to other creditors, which attaches and becomes a specific lien by the filing of the bill," service, of course, having been duly made, and we believe that the rule as here expressed obtains in this case. It is our conclusion, therefore, that the lien of Mary O. Palmer dates from the 3d day of February, 1911. Antedating the liens claimed by the defendants Bader and Herbeson, she undoubtedly has the first and best lien.

The defendants Bader and Herbeson claim that Mary O. Palmer, by virtue of her judgment in the court of common pleas, acquired a lien on a one-third interest in a farm in this county, held by D. T. Palmer; and ask that she be required to exhaust her remedy against this land before looking to the fund in the hands of the Citizens Savings & Trust Company, trustee.

The evidence discloses that the legal title to this land is in R. L. Palmer and that D. T. Palmer owns the equitable title only. This being true, Mary O. Palmer did not acquire a lien on the land as claimed by Bader and Herbeson. *Kemper* v. *Campbell,* 44 O. S., 210.

The evidence also shows that prior, valid and subsisting liens against the interest of D. T. Palmer in this land already exceed the value thereof. For these reasons the application must be refused.

Decree accordingly.